BILLIE HATFIELD, *et al.*

*v.*

GRACE S. ELLIS, *et al.*

(No. 15174)

Decided June 23, 1981.

*William L. Jacobs, H. Truman Chafin, Thomas L. Butcher* for appellants.

*Katz, Kantor, Katz, Perkins & Cameron, Guy W. Perkins* and *Norris Kantor, Bluefield, J. Brooks Lawson, Philip G. Terrie* and *Cullen G. Hall* for appellees.

NEELY, JUSTICE:

This is an appeal from a summary judgment in favor of the defendant Concord Coal Company entered by the Circuit Court of Mingo County. The plaintiffs below are the beneficiaries of a trust created under the will of Harriet Ellis in 1955 by which the defendant below, Grace S. Ellis, was appointed testamentary trustee. This suit concerns 344 acres of land which it is alleged that Grace Ellis unlawfully conveyed to her brother, Alex Ellis, for insufficient consideration, namely $9,485.38 in 1970. Alex Ellis then gave the property to his son, Joe Ellis, who sold the coal in place for $530,000 in 1977.

After completing some discovery, both the defendants and the plaintiffs moved for summary judgment. The circuit court obviously concluded that both parties were ready for him to rule, and the granted judgment for the defendant coal company on the grounds that it was a *bona fide* purchaser of the land in question for value without notice. The appellants assert that they can prove that the coal company at the time it purchased the coal had reasonable grounds to believe that there was at least an equitable cloud on the title, if not a legal one. On the record before us it is impossible for us to dispose of the issue of whether the coal company had actual or constructive notice of outrageous fiduciary misconduct such as to place a reasonably prudent person on notice of a defect in the chain of title. Appellants indicated to the circuit court that they wished to develop this issue further, particularly with regard to whether the inadequate consideration paid by Alex Ellis to his sister Grace in and of itself should have given notice that the property was clouded by an equitable claim.

While we have held in *Cain v. Cox*, 23 W.Va. 594 (1884) that a purchaser dealing with a fiduciary must use ordinary prudence to determine the power of the fiduciary to consummate the sale, we have never directly addressed the

issue of a purchaser's obligation to go behind a valid legal chain of title to remote transactions in which one party in the chain of title has dealt with a fiduciary. Furthermore, it is inappropriate for this Court to plow that new ground at this time without a more fully developed factual record, since one of the critical elements for our consideration will inevitably be what constitutes "constructive notice" of an equitable title defect.

We agree with the appellants that further development of the record is necessary for a proper disposition of this case. When, as here, facts relevant to a motion for summary judgment need to be developed by further discovery, the trial judge should not grant the motion. *Board of Education v. Van Buren & Firestone, Architects, Inc.*, 165 W.Va 140, 267 S.E.2d 440 (1980); *See generally, Aetna Casualty and Surety Co. v. Federal Insurance Co.*, 148 W.Va. 160, 133 S.E.2d 770 (1963).

Since we conclude that the lower court's award of summary judgment in favor of the coal company was premature, we reverse the summary judgment and remand the case for further proceedings.

*Reversed and remanded.*