ROBERT CARL BROWN

*v.*

THE BLUEFIELD MUNICIPAL BUILDING
COMMISSION, *d/b/a* THE BLUEFIELD
COMMUNITY HOSPITAL, AND
DR. STEVE J. MISAK
(No. 14933)
Decided July 7, 1981.

*Sanders & Blue* and *Fred O. Blue, Coulling, Brewster & Morhous and L. R. Coulling, Jr.,* for appellant.

*Burton & Cunningham* and *David Burton, Cline, McAfee & Adkins* and *Carl McAfee* for appellee.

MCHUGH, JUSTICE:

This is an appeal by Dr. Steve J. Misak from a final order of the Circuit Court of Mercer County which granted plaintiff Robert Carl Brown's motion for summary judgment on the issue of liability in a medical malpractice suit. The only issue considered on this appeal is whether the use of summary judgment was proper under the circumstances of this case. Because of the disposition of this issue, we need not address other assignments of error raised by the appellant.

This action was commenced when the plaintiff filed a complaint in the Circuit Court of Mercer County naming Misak, among others, as a defendant. The complaint alleged that the defendant, Misak, had been negligent in his treatment of the plaintiff for kidney and urinary tract problems and that, as a result of such negligent treatment, the plaintiff had suffered permanent kidney and renal impairment, as well as damage to the eighth cranial nerve. The material allegations of the complaint were denied by the answer of the defendant.

On the day that the trial was to begin the plaintiff moved for summary judgment. The motion was opposed by the defendant. The trial judge granted the motion on the issue of liability and submitted the case to the jury on the issue of damages. The jury returned a verdict against the defendant for the amount of $600,000.00. The defendant then filed a petition for an appeal with this Court on July 8, 1980. The petition was granted on July 15, 1980, and the case was submitted on the briefs and arguments of the parties on May 19, 1981.

Summary judgment may be used only where the record before the court shows "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *W. Va. R.C.P.*, Rule 56(c); *Aetna Casualty and Surety Co. v. Federal Insurance Co.*, 148 W. Va. 160, 133 S.E.2d 770 (1963). We recently held: "Even if the trial judge is of the opinion to direct a verdict, he should nevertheless ordinarily hear evidence and, upon a trial, direct a verdict rather than try the case in advance on a motion for summary judgment." Syl. pt. 1, *Masinter v. Webco Co.*, 262 S.E.2d 433 (W. Va. 1980).

The standard of care in medical malpractice cases was established in *Schroeder v. Adkins*, 149 W. Va. 400, 141 S.E.2d 352 (1965), where we held, at Syl. pt. 2:

> ... [A doctor] is required to exercise only such reasonable and ordinary skill and diligence as are ordinarily exercised by the average of the members of the profession in good standing in similar localities and in the same general line of practice,

regard being had to the state of medical science at the time.

*See also, Hinkle v. Martin,* 256 S.E.2d 768 (W. Va. 1979); *Hundley v. Martinez,* 151 W. Va. 977, 158 S.E.2d 159 (1967).

In the case presently before us, the trial court granted summary judgment on the basis of the record before him at the time the motion was made. That record consisted of the pleadings in the case and depositions of the plaintiff, Brown, the defendant, Misak, and two other doctors who examined the plaintiff after the alleged malpractice occurred. The defendant was not questioned extensively by his own attorneys at the time he was deposed. He did not testify on the standard of care required of him and his actions in regard thereto. This Court has consistently held that the question of negligence is for the jury to decide when the evidence is conflicting or when the facts, though undisputed, are such that reasonable men may draw different conclusions from them. *Howard's Mobile Homes, Inc. v. Patton,* 156 W. Va. 543, 195 S.E.2d 156 (1973).

The defendant was under no obligation to offer such testimony at that stage of the litigation. As we recently noted in *Masinter v. Webco Co., supra,* at 436:

> In complex cases, the tendency on a summary judgment motion is to rely on the facts developed through discovery as constituting all of the relevant facts in the case. This may lead to inaccurate factual assessment. A party may often undertake very little discovery or limit the discovery to certain critical areas with the knowledge that he has the requisite proof available without the necessity of any further discovery. Frequently, discovery depositions of the parties or their key witnesses do not reflect all relevant facts. This is because these depositions are taken by adverse counsel and the deponents do not care to volunteer information and, therefore, they give limited answers to the questions. While discovery procedures are useful to develop the facts of a case, there is no requirement that all facts must be developed through discovery, and certainly no

grounds for the assumptions that they have been developed by discovery.

We do not need to go into great detail regarding the facts of this case. It is sufficient to note that it is a very complex medical malpractice case and, clearly, there are factual questions raised in the record. As noted, there is the key factual question as to the standard of care owed to the plaintiff and the defendant's actions in relation to that standard. During argument on the motion for summary judgment counsel for the plaintiff argued that it must be assumed that Misak would testify in conformity with his deposition. The trial judge appears to have accepted the plaintiff's counsel's argument even though counsel for the defendant noted that Misak's discovery deposition was not a complete development of all facts or testimony relating to his defense and that Misak was an expert medical witness who should have been allowed to testify. A full development of Misak's testimony was critical to his defense and he should have been given the opportunity to present such defense. We think that the situation in this case is very close to that found in *Masinter v. Webco co., supra,* where we said, at 436:

> "The problem in the present case is that the trial court accepted the discovery depositions as constituting the entire factual case. It ignored the fact that most of the material allegations of the complaint were denied by the defendant's answer.... As Judge Haymond stated in *Aetna Casualty and Surety Co., supra:* 'The question to be decided on a motion for summary judgment is whether there is a genuine issue of fact and not how that issue should be determined.' ... Here, this distinction was entirely overlooked."

The order of the Circuit Court of Mercer County is, therefore, reversed and the case is remanded to that court for further proceedings in accordance with this opinion.

*Reversed and Remanded*