297 S.E.2d 211

**John R. PRICE**

v.

**Donald L. BENNETT,
Individually, et al.**

**No. 15529.**

Supreme Court of Appeals of
West Virginia.

Oct. 28, 1982.

Ralph A. Lorenzetti, Jr., West Virginia Legal Services Plan, Inc., Huntington, for appellant.

No appearance for appellees.

PER CURIAM:

John Price sued H–B Contractors, Inc. and Donald Bennett, the sole shareholder of H–B Contractors, Inc., in Randolph County Circuit Court for damages of $7,500 or specific performance of a con-

tract to properly complete work on construction of his home. Corporate and individual defendants jointly answered, denying liability. Price served two sets of interrogatories on H–B Contractors. He never received answers, so he moved the court to compel discovery.

During several informal hearings on the motion to compel, it was determined that this corporate defendant is insolvent, and Mr. Bennett has moved from our State's jurisdiction. Discussions at these hearings focused on whether Price was entitled to "pierce the corporate veil" of H–B Contractors to reach Mr. Bennett's assets. Price's interrogatories sought to determine whether H–B Contractors was undercapitalized, whether there was misuse or personal use of corporate assets, or loose compliance with corporate formalities, justifying piercing the veil. Discovery was denied and, upon defendant's motion, the court made a September 14, 1981 summary judgment order dismissing the individual defendant, Bennett.

Price appealed to us, asserting the trial court erred in granting summary judgment without giving him an opportunity through discovery to develop facts that would have made summary judgment inappropriate.

 We have consistently viewed summary judgments with caution. *Lengyel v. Lint*, 167 W.Va. 272, 280 S.E.2d 66, 71 (1981). The facts must be viewed in a light most favorable to the party against whom summary judgment will be granted. *Board of Education of Ohio County v. Van Buren and Firestone, Architects, Inc.*, 165 W.Va. 140, 267 S.E.2d 440, 442 (1980). Our rule, frequently repeated in our cases, is:

> A motion for summary judgment should be granted only when it is clear that there is no genuine issue of fact to be tried and inquiry concerning the facts is not desirable to clarify the application of the law. Syllabus Point 3, *Aetna Casualty & Surety Co. v. Federal Insurance Co.*, 148 W.Va. 160, 133 S.E.2d 770 (1963).

*See also Hatfield v. Ellis*, 167 W.Va. 213, 279 S.E.2d 414 (1981); *Brown v. Bluefield Municipal Building Commission*, 167 W.Va. 318, 280 S.E.2d 101 (1981); *Renner v. Asli*, 167 W.Va. 532, 280 S.E.2d 240 (1981); Syllabus Point 1, *Masinter v. WEBCO*, 164 W.Va. 241, 262 S.E.2d 433 (1980); *Floyd v. Equitable Life Assurance Society*, 164 W.Va. 661, 264 S.E.2d 648 (1980).

■ The court erred in failing to permit Price to develop facts about whether Bennett should be held liable for H–B Contractor's breach of contract by piercing its corporate veil. The summary judgment is reversed and the cause remanded to Randolph County Circuit Court.

Reversed and remanded.