Daphna D. LUTZ, et al., Plaintiffs,

v.

ESTATE OF William F. HILLIER, Jr., M.D., Defendant.

Civ. A. No. 81–1106.

United States District Court,
S.D. West Virginia,
Bluefield Division.

Nov. 23, 1983.

---

Thomas R. Czarnik, John W. Feuchtenberger, Bluefield, W.Va., for plaintiffs.

Fred O. Blue, Sanders & Blue, Bluefield, W.Va., for defendant.

## MEMORANDUM OPINION AND ORDER

HADEN, Chief Judge.

The Plaintiffs bring this diversity action seeking to recover monetary damages for the alleged medical malpractice of the Defendant's decedent, Dr. William F. Hillier, Jr. Currently pending before the Court is the Defendant's motion for summary judgment filed pursuant to *Rule* 56(b) of the Federal Rules of Civil Procedure. After having thoroughly considered the aforementioned motion, as well as the parties' memoranda setting forth their respective positions thereon, the Court hereby denies the same for the reasons set out below.

### I. *Factual Background*

Beginning on or about May 12, 1978, and continuing until approximately June 29, 1978, the female Plaintiff, Daphna D. Lutz, was a patient of Dr. Hillier. On September 15, 1979, Plaintiff suffered a cerebral infarction as an allegedly direct and proximate result of Dr. Hillier's failure to diagnose Plaintiff's extracranial occlusive vascular disease. The Plaintiffs maintain that the female Plaintiff's extracranial occlusive vascular disease was amenable to diagnosis, treatment and cure. Plaintiffs contend that Dr. Hillier's failure to properly diagnose Plaintiff's symptoms resulted in Plaintiff's suffering a stroke on September 15, 1979.

The trial of this action was originally scheduled for November 29, 1982, the Honorable William M. Kidd presiding. After the jury had been selected, the Plaintiffs moved for a continuance on the ground that Dr. Michael J. Rosner, the Plaintiffs' chief expert witness who would testify concerning the standard of care allegedly deviated from by Dr. Hillier, refused to appear as a witness at trial. The Plaintiffs' motion was granted and the trial was rescheduled for May 31, 1983, and then continued to June 27, 1983. Subsequently, this case was transferred to this Court and by Order entered June 21, 1983, the trial of this action was scheduled to commence on November 28, 1983. Importantly, the Court's Order of June 21, 1983, also directed that all discovery was to be completed by October 3, 1983.

Since the November 29, 1982, continuance, no further discovery has been conducted by either party. Relying upon this fact, and upon the fact that the discovery deadline has now passed, Defendant moves the Court for summary judgment on the ground that Plaintiffs cannot establish a *prima facie* case of medical malpractice. Defendant contends that, given Dr. Rosner's refusal to testify, Plaintiffs have no expert witness to establish the standard of care and skill required of a neurologist and, therefore, Plaintiffs cannot prove at trial this essential element of their cause of action.

### II. *Opinion*

It is clear that expert testimony establishing, and showing a deviation from, the standard of medical care required by the treating physician is necessary for a successful malpractice action in this state:

> "It is axiomatic that to establish a *prima facie* case of negligence in West Virginia, it must be shown that the Defendant has been guilty of some act or omission in violation of a duty owed to the plaintiff. No action for negligence will lie without a duty broken. *Atkinson v. Harman,* 151 W.Va. 1025, 158 S.E.2d 169 (1967); *Morrison v. Roush,* 110 W.Va. 398, 158 S.E. 514 (1931); *Uthermohlen v. Bogg's Run Co.,* 50 W.Va. 457, 40 S.E. 410 (1901).
> In *Schroeder v. Adkins,* 149 W.Va. 400, 141 S.E.2d 352 (1965), we stated that as a general rule in a medical malpractice action, the physician's duty to his patient is

to exercise such skill and diligence as are ordinarily exercised by average members in good standing of the profession in a similar locality and in the same general line of practice, regard being given to the state of medical science at the time." *Hinkle v. Martin,* 256 S.E.2d 768, 770–71 (W.Va.1979). The Court in *Hinkle* went on to say that it has "uniformly required the use of expert testimony in cases involving specialized treatment." *Id.* at 771 *citing Hundley v. Martinez,* 151 W.Va. 977, 158 S.E.2d 159 (1967); *Roberts v. Gale,* 149 W.Va. 166, 139 S.E.2d 272 (1964). This being an action based on Dr. Hillier's alleged deviation from the standard of care exercised by physicians practicing the specialties of neurology and neurosurgery,[1] expert medical testimony is required.

 Although Plaintiffs have no expert medical witness competent to testify as to the standard of care exercised by neurologists and neurosurgeons, the Court is of the opinion that it would be improper to enter summary judgment in favor of the Defendant at this stage of the litigation. Plaintiffs may be able to establish the requisite elements of their cause of action by examination of Defendant's experts as adverse witnesses and by introducing into evidence the deposition testimony of those experts, including that of Dr. Hillier. Whether Plaintiffs can succeed in eliciting the necessary medical standard at trial from these witnesses cannot be prejudged on a motion for summary judgment. *See Brown v. Bluefield Municipal Building*

*Commission,* 280 S.E.2d 101 (W.Va.1981).[2] Accordingly, so as to afford Plaintiffs an opportunity to present and develop their case at trial, the Court hereby denies Defendant's motion for summary judgment. *See Prete v. Royal Globe Insurance Co.,* 533 F.Supp. 332 (N.D.W.Va.1982).[3]

The Clerk is directed to send a certified copy of this Memorandum Opinion and Order to counsel of record.

---

1. *See* Complaint at page 2, paragraph 8.

2. In *Brown,* a medical malpractice action, the West Virginia Supreme Court reversed the trial court's decision granting plaintiff's motion for summary judgment and discussed the danger of pre-empting the presentation of evidence at trial by granting summary judgment:

 "In complex cases, the tendency on a summary judgment motion is to rely on the facts developed through discovery as constituting all of the relevant facts in the case. This may lead to inaccurate factual assessment. A party may often undertake very little discovery or limit the discovery to certain critical areas with the knowledge that he has the requisite proof available without the necessity of any further discovery. Frequently, discovery depositions of the parties or their key witnesses

do not reflect all relevant facts. This is because these depositions are taken by adverse counsel and the deponents do not care to volunteer information and, therefore, they give limited answers to the questions. While discovery procedures are useful to develop the facts of the case, there is no requirement that all facts must be developed through discovery, and certainly no grounds for the assumptions that they have been developed by discovery." *Id.* at 103, *quoting Masinter v. Webco Co.,* 262 S.E.2d 433, 436 (W.Va.1980).

3. In *Prete* this Court stated it will grant summary judgment "only where it is perfectly clear that no issue of fact is involved and inquiry into the facts is not desirable to clarify the application of the law ...." *Id.* at 333, n. 1.