873 F.2d 1163
 Douglas CHIZMADIA, Appellant,
v.
SMILEY'S POINT CLINIC, Dr. Mark L. Norman, M.D., Dr. Mark L.
Norman III, M.D., Dr. D. Hamilton, Dr. D. DeGear,
Dr. R. Woodworth, Dr. P. Sletten, Appellees.
 No. 88-5033.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Jan. 11, 1989.
Decided May 8, 1989.
 
 Joanne Mary Schuler, Plymouth, Minn., for appellant.
 Kay Nord Hunt, Minneapolis, Minn., for appellees.
 Before BOWMAN and BEAM, Circuit Judges, and HEANEY, Senior Circuit Judge.
 BEAM, Circuit Judge.
 
 
 1
 Douglas Chizmadia appeals from the district court's order granting the appellees' motions for summary judgment. The motions were granted on the basis of Chizmadia's noncompliance with a Minnesota statute which requires an affidavit certifying expert review of a medical malpractice claim. We reverse and remand for further proceedings.
 
 I. FACTS
 
 2
 In October 1984, Chizmadia, a New York resident attending college in Minnesota, consulted doctors at Smiley's Point Clinic in Minnesota concerning problems with his right eye. Over the course of the next two months, Chizmadia was treated by various doctors at the clinic. No definitive diagnosis was made until Chizmadia returned to New York in December 1984. At that time, it was discovered that Chizmadia had a detached retina and surgery was performed in New York. Chizmadia alleges that because of the delay in treatment, the surgery was unsuccessful, and Chizmadia now suffers permanent blindness in his right eye.
 
 
 3
 On December 18, 1986, Chizmadia commenced this diversity action pro se against Smiley's Point Clinic and various doctors employed by the clinic, claiming malpractice. On January 8, 1987, and February 3, 1987, appellees served Chizmadia with demands for an affidavit certifying expert review as required by Minn.Stat. Sec. 145.682 (1986).
 
 
 4
 Section 145.682 requires a medical malpractice plaintiff, in cases "as to which expert testimony is necessary to establish a prima facie case," to submit an affidavit from a medical expert who believes that the defendant "deviated from the applicable standard of care and by that action caused injury to the plaintiff." The affidavit must be served with the summons and complaint and, if not, served within sixty days after demand by the defendant. The statute provides that within one hundred eighty days after commencement of the suit, the plaintiff must identify each expert who will testify and the substance of the expert's testimony. Extensions of time may be granted for good cause. Failure to comply with section 145.682 results in mandatory dismissal with prejudice.
 
 
 5
 Chizmadia responded with a motion asking the court to declare section 145.682 unconstitutional and, alternatively, requesting that the court toll the time limit for production of the affidavit. In this and supplemental motions, Chizmadia related his failed attempts to get legal assistance and attributed his delay in obtaining expert review to these failed attempts.
 
 
 6
 On June 29, 1987, the district court denied Chizmadia's motion, finding no basis on which to grant declaratory relief or toll the statute, and noting that as of that date, Chizmadia still had not filed the required affidavit. Appellees subsequently moved for summary judgment on the grounds that Chizmadia failed to comply with section 145.682 and that the action was barred by the two-year statute of limitations, Minn.Stat. Sec. 541.07(1) (1986). Chizmadia's new counsel wrote letters to the district court and submitted an affidavit stating that she had spoken with a medical expert who would sign an affidavit indicating a basis for malpractice. The attorney's affidavit did not identify the expert and failed to indicate whether the expert was licensed in any jurisdiction. On November 16, 1987, the court granted the appellees' motion for summary judgment but did not address the statute of limitations issue. This appeal followed with Chizmadia represented by counsel. On appeal, Chizmadia alleges a number of grounds for reversal which we need not address. We reverse because the district court did not determine whether Chizmadia could establish a prima facie case without expert testimony.
 
 II. DISCUSSION
 
 7
 Section 145.682 requires an affidavit certifying expert review for each "cause of action as to which expert testimony is necessary to establish a prima facie case." Accordingly, the statute's applicability is conditioned upon a finding that expert testimony is necessary to establish a prima facie case of malpractice.
 
 
 8
 [E]xpert testimony is not necessary where the matters to be proved fall within an area of common knowledge and developing lay comprehension of medical techniques and where the results of surgical or medical treatment, viewed in the light of all the circumstances, provide a sufficient evidentiary basis to support an inference of negligence.
 
 
 9
 Hestbeck v. Hennepin County, 297 Minn. 419, 424, 212 N.W.2d 361, 364 (1973) (citations omitted). Here, the district court made no determination whether expert testimony was necessary for Chizmadia to establish his prima facie case. And, we are not convinced that Chizmadia must present expert testimony to prove his case.
 
 
 10
 It is possible that the allegedly negligent failure to diagnose Chizmadia's detached retina falls within the area of common knowledge or lay comprehension. For example, Chizmadia's injury may have been obvious or recognizable to the degree that a negligent failure to diagnose can be demonstrated without expert testimony. Also, if the alleged malpractice does not fall within an area of common knowledge or lay comprehension, there are methods by which a plaintiff can show malpractice without securing his or her own expert to testify. For instance, Chizmadia might establish his case through his medical records, see Betzold v. Sherwin, 404 N.W.2d 286, 288 (Minn.Ct.App.1987), with the aid of medical treatises, see Smith v. Knowles, 281 N.W.2d 653, 656 n. 5 (Minn.1979), or by deposing the defendant doctors or examining the doctors as adverse witnesses, see Smith, 281 N.W.2d at 656 n. 4; Lutz v. Estate of Hillier, 574 F.Supp. 1032, 1034 (S.D.W.Va.1983) (denying a motion for summary judgment in an action alleging negligent failure to diagnose where plaintiffs failed to provide their own expert witness). Because the district court did not determine whether expert testimony was necessary in this case, we find that the order granting summary judgment was erroneous.
 
 III. CONCLUSION
 
 11
 For the foregoing reasons, we reverse and remand to the district court to determine whether Chizmadia can establish his prima facie case by means other than by presenting his own experts to testify. If the district court concludes that Chizmadia's cause of action requires expert testimony, it should then consider whether application of section 145.682 violates plaintiff's various constitutional rights. Should the district court find that Chizmadia can establish a prima facie case without expert testimony or that section 145.682 is unconstitutional, the court should proceed to trial on the merits.