Douglas **CHIZMADIA**, Plaintiff,

v.

**SMILEY'S POINT CLINIC, Dr. Mark L. Norman, M.D., Dr. Mark L. Norman, III, M.D., Dr. D. Hamilton, Dr. D. De-Gear, Dr. R. Woodworth, and Dr. P. Sletten, Defendants.**

Civ. No. 4–86–942.

United States District Court,
D. Minnesota,
Fourth Division.

May 17, 1991.

Memorandum Opinion June 17, 1991.

Joanne M. Schuler, Plymouth, Minn., for plaintiff.

Rodger A. Hagen, William Michael Hart, Meagher & Geer, Rebecca Egge Moos, John P. Buckley, Bassford Heckt Lockhart Truesdell & Briggs, Minneapolis, Minn., for defendants Dr. Mark L. Norman III M.D.,

Dr. Mark L. Norman M.D. and Smiley's Point Clinic.

Kathryn Helen Davis, Paul C. Peterson, Lommen Nelson Cole & Stageberg, Minneapolis, Minn., for defendants Dr. P. Sletten, Dr. R. Woodworth, Dr. D. DeGear and Dr. D. Hamilton.

## ORDER TO SHOW CAUSE

DIANA E. MURPHY, District Judge.

On June 6, 1989, the certified copy of the mandate of the United States Court of Appeals for the Eighth Circuit was filed reversing a grant of summary judgment to defendants in this medical malpractice case. The summary judgment had turned on whether plaintiff had complied with the procedures of Minn.Stat. § 145.682 requiring production of an affidavit of expert review in an action alleging medical malpractice, but the Court of Appeals observed that it had not been determined whether or not expert testimony was necessary for plaintiff to establish a prima facie case. It suggested plaintiff might be able to prove his case by other means, and remanded the case for a determination of whether or not:

a) plaintiff can establish a prima facie case without expert testimony, and, if not,

b) whether or not Minnesota Statute § 145.682 is constitutional.

*Chizmadia v. Smiley's Point Clinic*, 873 F.2d 1163 (8th Cir.1989).

On June 12, 1989, this court entered an order responding to the mandate. This court noted that the appellate opinion contemplated further development of the record on these issues, including whether plaintiff could establish his case by medical records, medical treatises, or the testimony of defendant doctors. The court therefore referred the case to United States Magistrate Judge Bernard P. Becker to determine case management deadlines, what type of discovery might be necessary prior to any renewed motions, and to explore fully any possibility for settlement.

On December 28, 1989, Magistrate Judge Becker ordered that discovery and the filing of motions be completed by March 19, 1990 and the case be ready for trial by June 1, 1990. In February 1991, the parties were sent notice that the case was scheduled for trial in the civil block commencing April 1, 1991.

The only motions filed between the decision of the Court of Appeals and the parties' receipt of trial notice were the motion of plaintiff for permission to take deposition by other than stenographic means (granted by Magistrate Judge Becker on February 2, 1990) and motions by defendants for summary judgment on the basis of the statute of limitations and the res judicata effect of the parallel state court proceedings. Defendants' motions were denied in an order dated December 12, 1989, 726 F.Supp. 249, and a motion for reconsideration was denied on January 26, 1990. No motions were ever filed by any party related to a prima facie case prior to notice of trial date.

On March 13, 1991, plaintiff filed a motion for continuance of trial date and for an order granting leave to engage in additional discovery.[1] The motion was based upon

---

1. This case has a long procedural history characterized by continuances requested by and granted to the plaintiff. This action was commenced pro se on December 18, 1986 in state and federal courts. On January 8, 1987, defendants served plaintiff with demands for an affidavit of expert review as required by Minn.Stat. § 145.682. Interrogatories requesting expert witness information as well as learned treatises relied upon were served on February 3, 1987.

On January 22, 1987, plaintiff filed a motion for declaratory judgment and motion for tolling of statute requesting this court to declare Minn. Stat. § 145.682 unconstitutional and requesting the court to toll the time for production of an affidavit of expert review. After plaintiff subse-

quently moved for permission to supplement his motion papers, these motions were denied on June 29, 1987.

On July 23, 1987, defendants moved for summary judgment on the grounds that plaintiff had failed to comply with Minn.Stat. § 145.682 and that since no expert had been identified, there was no genuine issue as to malpractice and the defendants were entitled to judgment as a matter of law. Plaintiff's request for a continuance of the hearing on this motion was granted. After the hearing was rescheduled, plaintiff appeared pro se, although an attorney not of record, James Miley, was present and indicated he might assist plaintiff. Another attorney, Joanne M. Schuler, filed an affidavit on Novem-

the affidavit of Mark C. McCullough, an attorney, which stated that he had agreed to represent plaintiff only if a six month continuance of trial were granted and that additional discovery, medical expert review and other preparation was necessary to ready the case for trial. The motion was denied on March 21, 1991. This court noted that plaintiff had had adequate opportunity to prepare for trial and to obtain additional counsel, had made no showing to justify not meeting the pretrial schedule, and that the case should be dismissed if plaintiff could not establish his case without a medical expert as suggested by the Court of Appeals, *see Chizmadia, supra,* 873 F.2d at 1166. *See also Chizmadia v. Smiley's Point Clinic,* 428 N.W.2d 459 (Minn.Ct.App.1988) (dismissing identical state court case for failure to comply with statute), *rev. denied,* C5–88–478 (Minn. Oct. 26, 1988), *cert. denied,* 490 U.S. 1084, 109 S.Ct. 2109, 104 L.Ed.2d 669 (1989); *cf. Sorenson v. St. Paul Ramsey Medical Center,* 457 N.W.2d 188 (Minn.1991) (setting specific standards for disclosure under statute, failure to comply resulting in dismissal).

■ On April 4, 1991, an expedited hearing was convened before United States Magistrate Judge Floyd E. Boline on a motion by plaintiff for an order permitting him to call an expert witness at trial. Plaintiff was represented by attorney Joanne Schuler. After the parties subsequently briefed the issue, Magistrate Judge Boline denied the motion on April 18, 1991. Plaintiff has not appealed from this order of the Magistrate Judge, and it is therefore final.

Although the court has provided plaintiff with every opportunity to obtain an expert over the years, he now has no expert, and he has not attempted to show he can establish a prima facie case without expert testimony.[2] He has in fact conceded that he must have an expert to go forward to trial. In his Memorandum in Support of Plaintiff's Motion to Allow Expert Testimony of Dr. Vaughan, filed April 9, 1991 in support of the motion pending before Magistrate Judge Boline, he stated plainly: "Does plaintiff need an expert? Yes." *Id.* at 6. It therefore appears that plaintiff cannot establish a prima facie case and his complaint should be dismissed.[3] The court sympathizes with plaintiff's loss of vision in one eye but he can recover damages only if he can establish fault since there is no absolute liability for treating physicians or clinics.

Accordingly, based upon the above, and all the files, records, and proceedings herein, IT IS HEREBY ORDERED that the plaintiff show cause in writing why his case should not be dismissed, which memorandum should be served on defendant and filed with the clerk of court with two copies no later than May 31, 1991. Defendants' response to plaintiff's memorandum should

ber 9, 1987, stating that she had spoken with an unidentified "ophthalmic specialist" who would sign an affidavit that there was malpractice. On November 17, 1987, Ms. Schuler submitted another affidavit recounting conversations with an unidentified expert claiming that the expert's written review would arrive before Thanksgiving. No opinion was submitted.

Summary judgment in favor of defendants was granted on November 13, 1987.

**2.** The Court of Appeals noted the possibility that plaintiff could establish a prima facie case without an expert by showing that his injury may have been obvious or recognizable to the degree that a negligent failure to diagnose could be demonstrated without expert testimony, or that he might establish his case through his medical records, with the aid of medical treatises, by deposing the defendant doctors, or by examining the doctors as adverse witnesses. *See*

*Chizmadia,* 873 F.2d at 1165. Plaintiff has not suggested that any of these methods could establish his case, nor do his trial materials required in advance of trial by the Local Rules show any such method of proof. On the contrary, he has conceded that he must have an expert to testify on his behalf in order to establish his case.

**3.** The Minnesota Court of Appeals has decided that the statute at issue in this case, Minn.Stat. § 145.682, is not unconstitutional. *Henke v. Dunham,* 450 N.W.2d 595 (Minn.Ct.App.1990), *rev. denied* (Minn. March 22, 1990). Minnesota employs the same standards of constitutional review as the federal courts. *AFSCME Councils v. Sundquist,* 338 N.W.2d 560, 570 n. 12 (Minn. 1983). Moreover, it appears that particularly as it pertains to this case the statute would not be unconstitutional since plaintiff has had more than four years to obtain an expert or to develop his case.

be served on plaintiff and filed with the clerk of court with two copies no later than June 7, 1991.

## MEMORANDUM OPINION AND ORDER FOR JUDGMENT

On May 17, 1991, this court issued an order to show cause why plaintiff's case should not be dismissed, and the parties have submitted briefs in response. The order set out the procedural history of this case, so it will not be repeated here.[1]

Plaintiff argues that this court has failed to respond to the mandate of the Court of Appeals, *Chizmadia v. Smiley's Point Clinic,* 873 F.2d 1163 (8th Cir.1989). He contends that he can establish his case without an expert so long as the defendants are prevented from offering any expert testimony themselves. He argues that any lay person, let alone doctors, should have recognized the need for immediate treatment of his condition, even if such a person could not have actually diagnosed and treated his eye problem. He suggests that he could present his own medical research at trial to establish the medical standard of care and its breach by defendants. He states he has been denied such an opportunity by "carefully schooled" experts for the defendants who have not let him lay the foundation for admission into evidence of any treatises or lay literature. Plaintiff also argues that the Minnesota statute requiring disclosure of expert witnesses in medical malpractice actions within a certain time period is unconstitutional because it violates the Equal Protection Clause.

The defendants each argue that the court has complied with the mandate of the Eighth Circuit, that plaintiff cannot establish his case without an expert, and that the law requiring an expert is constitutional.[2]

The standard for dismissal of a complaint at this stage in the proceedings is that for summary judgment or a directed verdict. On a motion for summary judgment, all material facts and inferences are construed in favor of the non-moving party. *AgriStor Leasing v. Farrow,* 826 F.2d 732, 734 (8th Cir.1987). To defeat a motion for summary judgment, however, the non-moving party must show through specific evidence that there are material facts in dispute creating a genuine issue for trial; it may not rest only upon the allegations or denials of its pleadings. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986). "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247–48, 106 S.Ct. 2505, 2509–10, 91 L.Ed.2d 202 (1986) (emphasis in original). The summary judgment standard "mirrors the standard for a directed verdict under Federal Rule of Civil Procedure 50(a), which is that the trial judge must direct a verdict if, under the governing law, there can be but one reasonable conclusion as to the verdict." *Id.* at 250, 106 S.Ct. at 2511.

Plaintiff makes various arguments why his case should not be dismissed, but he has not shown the existence of any material facts which would enable him to make out a prima facie case and move forward to trial. He has had every opportunity over the past four-and-one-half years to produce any such facts, but as of the eve of trial he has failed to support his claims. During discovery he was served with interrogato-

---

1. Plaintiff takes issue with one specific point in the court's statement of the procedural history. He contends that the expedited hearing before United States Magistrate Judge Floyd E. Boline on April 4, 1991 was instigated by the defendants, not by plaintiff. The case file reflects that the motion heard by the magistrate judge was filed by plaintiff and the resulting order disposes of a motion by plaintiff. Plaintiff also apparently suggests that the court told him he need not do anything to prepare his case; such a suggestion is without foundation.

2. Three briefs were submitted for the defendants by their separate counsel: for Smiley's Point Clinic; for Drs. Hamilton, DeGear, Woodworth and Sletten; and for Drs. Mark L. Norman and Mark L. Norman III.

ries which sought identification of experts to be called at trial, disclosure of expert opinions and identification of learned treatises upon which he intended to rely at trial, but he did not make the requested identification or disclosure. He has not submitted the pretrial materials as required under Local Rule 39.1, such as a statement of the case, exhibit list, witness list, list of deposition testimony, and proposed verdict form and jury instructions. In his brief in response to the order to show cause, he has not specified a single exhibit, witness, or deposition which he would use at trial to support his case. Plaintiff identified one doctor in April 1991, after the scheduled trial date had already passed, whom he claims "would testify to gross negligence if we would pay him 1000 dollars which would only cover his expenses to come out here and give up valuable time." Plaintiff's brief at 4. Plaintiff has not offered this doctor as a witness who would testify on his behalf at trial, nor has the doctor submitted a sworn statement at any time during the lengthy pretrial period. No indication has been given of what any such witness might rely on. The deadlines for trial preparations are long past.

Plaintiff has failed to support his case and move it forward. In remanding this case the Court of Appeals suggested some methods of proof plaintiff might pursue:

> For the foregoing reasons, we reverse and remand to the district court to determine whether Chizmadia can establish his prima facie case by means other than by presenting his own experts to testify. If the district court concludes that Chizmadia's cause of action requires expert testimony, it should then consider whether application of [Minn.Stat.] section 145.-682 violates plaintiff's various constitutional rights. Should the district court find that Chizmadia can establish a prima facie case without expert testimony or that section 145.682 is unconstitutional, the court should proceed to trial on the merits.

*Chizmadia, supra,* 873 F.2d at 1165–66. In response, this court referred the case to United States Magistrate Judge Bernard P. Becker after it was notified that the mandate was received. The court made reference to the above-quoted portion of the opinion and directed as follows:

> A careful reading of the opinion makes it clear that the Court of Appeals contemplates further development of the record. The case should therefore be referred to United States Magistrate Bernard P. Becker to hold a conference at his earliest opportunity to determine case management deadlines. In the course of his conference with counsel and the parties, the Magistrate should also determine what type of discovery might be necessary prior to any renewed motions. He is also directed to explore fully any possibility for settlement of this case.

Order, June 12, 1989. The conference with Magistrate Judge Becker was held on August 16, 1989, at which time defendants noticed motions for summary judgment on the basis of the statute of limitations and res judicata. Magistrate Judge Becker ordered discovery reopened following this court's denial of these motions. During the discovery period, plaintiff did not come forward with any additional evidence to support a prima facie case, obtain an expert, or lay the foundation for other means of proof. Nor did he bring any motions related to his case or Minn.Stat. § 145.682.

■ Although plaintiff recently conceded before Magistrate Judge Floyd E. Boline that he required an expert to establish his case, *see* Memorandum in Support of Plaintiff's Motion to Allow Expert Testimony of Dr. Vaughan, April 9, 1991, at 6 ("Does plaintiff need an expert? Yes."), he now contends that he can establish his case without an expert so long as the defendants are prevented from offering any expert testimony. He cites no authority to support his suggestion that defendants should be prevented from offering expert testimony. The importance of expert testimony in this case is shown by plaintiff's mistaken argument that in order to establish his prima facie case he need only show that defendants breached the standard of care and not that their conduct actually caused the injury which he suffered. He states: "The detached retina was what

blinded him. What caused the retina to detach noone [sic] seems to know for sure and it is actually irrelevant." Plaintiff's brief at 7. Minnesota law makes causation an essential element of a medical malpractice case, however, and places the burden of proof upon the plaintiff. *Harvey v. Fridley Medical Center, P.A.*, 315 N.W.2d 225 (Minn.1982); *Silver v. Redleaf*, 292 Minn. 463, 194 N.W.2d 271 (1972). Plaintiff has submitted no evidence or arguments to support this element of his case.

■ There is one exception to the general rule in Minnesota which requires expert testimony to prove a medical malpractice case, and it applies only when the issue is "within the common knowledge of laymen." *Harvey, supra*, 315 N.W.2d at 227. This limited exception is applied in the simplest of fact situations, such as when metal clips or a sponge have been left in the body after surgery or a dentist's grinding disc has slipped and cut membranes and tissues at the base of the tongue. *See Miller v. Raaen*, 273 Minn. 109, 139 N.W.2d 877, 880–81 (1966), and cases cited therein. These cases have all involved "situations where there was *no doubt about the cause* of the result complained of, and the result would not have followed in the absence of a breach of duty, the establishment of which did not involve any scientific knowledge." *Id.* 139 N.W.2d at 881 (emphasis added). The present case is completely different from those invoking this limited exception. At issue is the medical diagnosis and treatment of plaintiff's eye, a complex medical matter involving medical education and diagnostic equipment not "within the common knowledge of laymen." *Harvey, supra*, 315 N.W.2d at 227. While he asserts

that an average high school student should have recognized that he had a problem requiring treatment, he concedes that such a person could not have actually diagnosed or treated the eye problem.

Under all the circumstances and in light of the failure to produce any evidence to support the essential element of causation in his prima facie case, not only does the limited exception to the rule requiring expert testimony not apply, but plaintiff has not shown any basis on which he could make a prima facie case. Plaintiff has not made any showing that he could establish his case by the other means suggested to him by the Court of Appeals—medical records, medical treatises, deposing the defendant doctors, or examining the doctors as adverse witnesses. *See Chizmadia, supra*, 873 F.2d at 1165. Nor has he produced a response to the order to show cause which should enable him to proceed with his case to a jury.

The parties have the responsibility to prepare their cases. The court cannot do it for them; its role is different. Here, plaintiff has been given every opportunity to develop his case, but he has not done so.[3] Since there is no basis for a prima facie case, the complaint should be dismissed with prejudice.

The present situation is somewhat different than that foreseen by the Court of Appeals on remand because not only is there no expert, but there is no other basis shown for a prima facie case. The case should thus be dismissed on this basis rather than failure to provide the notice required by Minn.Stat. § 145.682.[4]

---

3. Plaintiff argues that the court should now appoint an expert witness for him under the in forma pauperis statute. This request is far too late. The discovery and trial preparation dates are long past. Furthermore, it is not apparent that any statutory authority exists for advance payment of expert witness fees in a civil suit for damages. *Boring v. Kozakiewicz*, 833 F.2d 468, 474 (3d Cir.1987), *cert. denied*, 485 U.S. 991, 108 S.Ct. 1298, 99 L.Ed.2d 508 (1988).

4. Plaintiff has had far more time to produce an expert than conferred by § 145.682, but his constitutional challenge would fail in any event.

Subsequent to the decision of the Court of Appeals in this case, the Minnesota Court of Appeals has decided that the statute is not unconstitutional. *Henke v. Dunham*, 450 N.W.2d 595 (Minn.Ct.App.1990), *rev. denied* (Minn. March 22, 1990). Minnesota employs the same standards of constitutional review as the federal courts. *AFSCME Councils v. Sundquist*, 338 N.W.2d 560, 570 n. 12 (Minn.1983). In *Henke*, the statute was challenged on the basis of the Equal Protection Clause, the same challenge which plaintiff brings here. Plaintiff's constitutional challenge would therefore fail.

Accordingly, based upon the above, and all the files, records, and proceedings herein, IT IS HEREBY ORDERED that plaintiff's complaint is dismissed with prejudice as to all defendants.

LET JUDGMENT BE ENTERED AC-CORDINGLY.