Douglas A. **CHIZMADIA**, Appellant,

v.

**SMILEY'S POINT CLINIC; Dr. Mark L. Norman, M.D.; Dr. Mark L. Norman, III, M.D.; Dr. D. Hamilton; Dr. D. Degear; Dr. R. Woodworth; Dr. P. Sletten, Appellees.**

No. 91–2702.

United States Court of Appeals, Eighth Circuit.

Submitted March 12, 1992.

Decided June 1, 1992.

Joanne M. Schuler, Plymouth, Minn., argued, for appellant.

Kay Nord Hunt, Minneapolis, Minn., argued (Paul C. Peterson, William M. Hart and Rebecca Egge Moos, appeared on brief), for appellees.

Before McMILLIAN, Circuit Judge, HEANEY, Senior Circuit Judge, and HANSEN, Circuit Judge.

HEANEY, Senior Circuit Judge.

Douglas Chizmadia appeals the district court's dismissal of his case. We affirm.

## BACKGROUND

Our review of this appeal picks up where we left off in *Chizmadia v. Smiley's Point Clinic*, 873 F.2d 1163 (8th Cir.1989). *See id.* at 1164–65 (outlining the facts and the procedural history of this case). Our earlier decision overruled the district court's finding that Chizmadia's medical malpractice action must be dismissed for failure to produce an expert witness in support of his case pursuant to Minn.Stat. § 145.682 (1986). In that opinion, we directed the district court "to determine whether Chizmadia can establish his prima facie case by means other than by presenting his own experts to testify." *Id.* at 1165.

Upon receiving this court's mandate, the district court referred this case to a magistrate judge with directions to marshall discovery. The magistrate ordered the parties to complete discovery and the filing of motions by March 19, 1990, and to be ready for trial on June 1, 1990. The trial date came and passed. In February 1991, the court notified the parties that they should be ready for trial on April 1, 1991, at which time the case would be placed on the civil trial block. On March 13, 1991, Chizmadia unsuccessfully moved for continuance of the trial date and for an order granting leave to conduct further discovery.

On May 17, 1991, the district court ordered Chizmadia to show cause why his case should not be dismissed, since Chizmadia had ample opportunity to obtain an expert over the years, had failed to do so, and had not attempted to show how he could establish a prima facie case without expert testimony, as contemplated by this court's earlier decision. *See id.* at 1165. Because Chizmadia did not come forward with any "evidence to support a prima facie case, obtain an expert, or lay the foundation for other means of pro[ving]" medical malpractice, the district court dismissed his action.[1] 768 F.Supp. 266 (D.Minn.1991).

## DISCUSSION

We remanded this case to the district court to determine "whether expert testimony was necessary to establish [Chizmadia's] prima facie case," *see* Minn.Stat. § 145.682 (1986), because we were "not convinced that Chizmadia must present expert testimony to prove his case." *Chizmadia*, 873 F.2d at 1165. As we explained,

It is possible that the allegedly negligent failure to diagnose Chizmadia's detached retina falls within the area of common knowledge or lay comprehension. For example, Chizmadia's injury may have been obvious or recognizable to the degree that a negligent failure to diagnose can be demonstrated without expert testimony. Also, if the alleged malpractice does not fall within an area of common knowledge or lay comprehension, there are methods by which a plaintiff can show malpractice without securing his or her own expert to testify. For instance, Chizmadia might establish his case through his medical records, with the aid of medical treatises, or by deposing the defendant doctors or examining the doctors as adverse witnesses.

*Id.*

We agree with the district court that Chizmadia did not pursue any of these or other potential avenues, or at least did not bring any of these avenues to the court's attention. Chizmadia argues that the defendants impeded his case when during a deposition one of the defendants' experts refused to recognize a book entitled *General Ophthalmology* as an authoritative text, which Chizmadia presumably intended to use in lieu of an expert witness. According to Chizmadia, *General Ophthalmology* is the sort of treatise that this court had in mind when we remanded this case to the district court to determine if Chizmadia could establish a prima facie malpractice case by means other than expert testimony.

During the expert's deposition, Chizmadia attempted to persuade the witness to recognize *General Ophthalmology* as an authoritative text, but the expert steadfastly refused to do so. This refusal epitomized the defense counsels' intransigence throughout the deposition, during which the defendants' lawyers repeatedly objected to Chizmadia's questioning and thus prevented Chizmadia from effectively probing the testimony of the expert witness. Notwithstanding the defendants' intransigence, Chizmadia failed to pursue other avenues, such as requesting judicial notice, to establish the authority of this text. As the district court explained "[i]n his brief in response to the order to show cause, [Chizmadia] has not specified a single exhibit, witness, or deposition which he would use at trial to support his case." Thus, despite the opportunity to do so, Chizmadia has not offered any evidence to establish the prima facia case required to survive pretrial dismissal. *See, e.g., Sorenson v. St. Paul Ramsey Medical Ctr.*, 457 N.W.2d 188, 193 (Minn.1990).

Accordingly, we affirm the district court's dismissal of this case.

---

**1.** Neither party disputes the district court's handling of the issue before us as a summary judg- ment matter.